CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 24 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | SEALED |
| | : | |
| v. | : | Case No.: 7:15-cr-00102 |
| | : | |
| CHARLES WILLIAM STURGILL | : | Violations: |
|    aka: "Chuck" | : | |
| TIMOTHY SCOTT ANDERSON | : | 21 U.S.C. § 846 |
| JASON DEE HOWELL | : | 21 U.S.C. § 841(a)(1) |
|    aka: "Dee" and "D" | : | 18 U.S.C. § 924(c) |
| RONNIE EMEL MUSIC, JR. | : | 18 U.S.C. § 2 |
| SANDRA GAYLE RYMER | : | |
| MICHAEL ALLEN KERNS | : | |
| ROBERT ALLEN JOLLIFFE | : | |
|    aka: "Bobby Jollisse" | : | |
| BECKY PERKINS PIERSON | : | |
| BRIAN LEE BOLES | : | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. Beginning in or about 2013, and continuing to on or about October 30, 2015, in the Western District of Virginia, and elsewhere, the defendants, CHARLES WILLIAM STURGILL, TIMOTHY SCOTT ANDERSON, JASON DEE HOWELL, RONNIE EMEL MUSIC, JR., SANDRA GAYLE RYMER, MICHAEL ALLEN KERNS, ROBERT ALLEN JOLLIFFE, BECKY PERKINS PIERSON, and BRIAN LEE BOLES, did knowingly combine, conspire, confederate and agree with each other, and with

1

persons known and unknown to the Grand Jury, to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. As to CHARLES WILLIAM STURGILL, TIMOTHY SCOTT ANDERSON, JASON DEE HOWELL, RONNIE EMEL MUSIC. JR., and MICHAEL ALLEN KERNS, one of the objects of the conspiracy was to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

3. As to SANDRA GAYLE RYMER, BECKY PERKINS PIERSON, and BRIAN LEE BOLES, one of the objects of the conspiracy was to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

4. All in violation of Title 21, United States Code, Section 846, 841(b)(1)(A), (b)(1)(B), and (b)(1)(C).

## COUNT TWO

The Grand Jury charges that:

1. On or about June 18, 2015, in the Western District of Virginia, the defendant, MICHAEL ALLEN KERNS, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

The Grand Jury charges that:

1. On or about June 18, 2015, in the Western District of Virginia, the defendants, MICHAEL ALLEN KERNS and BRIAN LEE BOLES, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and did aid and abet each other in the commission of this offense.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FOUR

The Grand Jury charges that:

1. On or about June 18, 2015, in the Western District of Virginia, the defendant, TIMOTHY SCOTT ANDERSON, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

3

## COUNT FIVE

The Grand Jury charges that:

1. On or about June 19, 2015, in the Western District of Virginia, the defendants, JASON DEE HOWELL and SANDRA GAYLE RYMER, knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and did aid and abet each other in the commission of this offense.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT SIX

The Grand Jury charges that:

1. On or about July 20, 2015, in the Western District of Virginia, the defendant, JASON DEE HOWELL, knowingly and intentionally distributed a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

The Grand Jury charges that:

1. On or about October 14, 2015, in the Western District of Virginia, the defendant, ROBERT ALLEN JOLLIFFE, knowingly and intentionally possessed with

4

intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

The Grand Jury charges that:

1. On or about October 22, 2015, in the Western District of Virginia, the defendant, CHARLES WILLIAM STURGILL, knowingly and intentionally distributed 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

## COUNT NINE

The Grand Jury charges that:

1. On or about October 22, 2015, in the Western District of Virginia, the defendant, CHARLES WILLIAM STURGILL, knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

## COUNT TEN

The Grand Jury charges that:

1. On or about October 22, 2015, in the Western District of Virginia, the defendant, CHARLES WILLIAM STURGILL, did knowingly possess a firearm, to wit: a Springfield Armory, XD-9 pistol, in furtherance of drug trafficking crimes for which may be prosecuted in a Court of the United States, as set forth in Counts Eight and Nine of the Indictment.

2. All in violation of Title 18, United States Code, Sections 924(c).

## COUNT ELEVEN

The Grand Jury charges that:

1. On or about October 28, 2015, in the Western District of Virginia, the defendant, BECKY PERKINS PIERSON, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant(s) shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

   c. any interest in, claims against, and property or contractual rights affording a source of control over, the said continuing criminal enterprise, pursuant to 21 U.S.C. § 853(a)(3).

   d. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

   e. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

   a. **Money Judgment**

      An undetermined sum of U.S. Currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

   b. **Real property**

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A True Bill this 24 day of November, 2015.

*s/Grand Jury Foreperson*
FOREPERSON

ANTHONY P. GIORNO
UNITED STATES ATTORNEY