CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 18 2018

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 7:15CR00102** |
| | ) | **(CASE NO. 7:18CV81315)** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **CHARLES WILLIAM STURGILL,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendant.** | ) | |

Charles William Sturgill, a Virginia inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Sturgill is challenging the validity of his confinement pursuant to the judgment of this court entered December 7, 2016. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

**I**

Sturgill pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute methamphetamine. The court sentenced him to 240 months in prison. Sturgill did not appeal.

Sturgill signed and dated this § 2255 motion on May 29, 2018. He alleges ineffective assistance of counsel and challenges the validity of the enhancement of his sentence under the Career Offender guideline in light of United States v. Simmons, 635 F.3d 140 (4th Cir. 2011). The court filed the § 2255 motion conditionally, notified Sturgill that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or

---

[1]  Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the defendant's submissions and the record of prior court proceedings that he is not entitled to relief.

argument on the issue of timeliness. The court specifically advised him that failure to provide such information might result in dismissal of the action as untimely. Sturgill has not responded within the time allotted to him.

**II**

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the § 2255 motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, the court entered the judgment against Sturgill on December 7, 2016. Because he did not appeal the judgment, his conviction became final on December 21, 2016, when his opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A). He then had one year–until December 21, 2017–in which to file a timely § 2255 motion. He filed his § 2255 motion, at the

earliest, on May 29, 2018. Therefore, his motion is untimely under § 2255(f)(1). Sturgill states no facts triggering calculation of his time limit under a different subsection of § 2255(f) or warranting equitable tolling of the federal filing deadline. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (finding that equitable tolling requires showing of due diligence and "some extraordinary circumstance" that prevented timely filing).

Finding Sturgill's § 2255 motion to be untimely filed, the court will summarily dismiss the action. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 18th day of July, 2018.

_____
Senior United States District Judge

3